UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR.,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>ROY GONZALEZ, et al.,<br><br>　　　　　Defendants. | Case No. 3:24-cv-05845-RSM-TLF<br><br>REPORT AND RECOMMENDATION AND ORDER<br><br>Noted for November 20, 2024 |

Plaintiff John Demos, Jr., a state prisoner, has filed an application for leave to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkts. 1, 1-1; *see also* Dkt. 2. Plaintiff has also filed several other proposed motions and documents which the Court has considered in evaluating plaintiff's IFP application and proposed complaint. Dkts. 2, 3, 4, 5, 6. As discussed below, the Court finds the proposed complaint should be dismissed without prejudice and the IFP application should be denied.

Additionally, for the reasons below: (1) plaintiff's proposed "motion to amend or in the alternative, a motion to supplement" (Dkt. 2) is granted; (2) plaintiff's proposed "motion to supplement the pleadings" (Dkt. 4 at 2) should be denied; (3) plaintiff's proposed "motion to request to take judicial notice of all proffers and exhibits" (Dkt. 4 at 1) should be denied; (4) plaintiff's proposed "motion to the court to request that an investigation be conducted immediately" (Dkt. 3) should be denied; (5) plaintiff's

1  proposed "motion to turn a 42 U.S.C. 1983 into a 28 U.S.C. 2254 writ of habeas corpus
2  to challenge unconstitutional conditions of confinement" (Dkt. 4 at 5-10) should be
3  denied; (6) plaintiff's proposed "motion to quash, abate, vacate, void, annul, or rescind
4  the major infraction report" (Dkt. 6) should be denied; (7) plaintiff's proposed "motion for
5  reconsideration or in the alternative a notice of appeal" (Dkt. 4 at 60) related to the
6  "anticipated ruling", plaintiff's proposed "rebuke to the R+R of the R+R of the U.S.
7  Magistrate Judge" (Dkt. 5), and plaintiff's proposed "motion for discovery" (Dkt. 4 at 12)
8  in response to the anticipated order of dismissal should be denied without prejudice as
9  premature.

## DISCUSSION

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Plaintiff is under pre-filing bar orders in several courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam).

The Bar Order of this Court provides that plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]; *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1992). The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his

REPORT AND RECOMMENDATION AND ORDER - 2

1  claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), Plaintiff must
2  demonstrate "imminent danger of serious physical injury" to proceed IFP because he
3  has had many prior actions dismissed as frivolous, malicious, or for failure to state
4  claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

5        The Court should hold that plaintiff may not proceed with this action. Plaintiff
6  names the following as defendants: Roy Gonzalez, CPM Department of Corrections
7  ("DOC") Headquarters; Julie Martin, DOC Deputy Secretary, Scott Russell, Deputy
8  Director of DOC; Eleanor Vernell, DOC Deputy Director; Thomas Fithian, DOC Deputy
9  Director; Billie Peterson, DOC Policy Coordinator; Tracy Schneider, DOC Corrections
10 Specialist; Belinda Stewart, DOC Corrections Program Administrator; Robert Herzog,
11 DOC Assistant Secretary; Sean Mcvay, Deputy Secretary; Cheryl Strange, DOC
12 Secretary; John Doe, Monroe Correction Complex-Twin Rivers Unit (MCC-TRU)
13 Mailroom Supervisor; Nurse Tyler, TRU medical staff; Janet Nelson. Dkt. 1-1.

14       Plaintiff appears to allege that, under defendant Nelson's orders, the TRU-MCC
15 mailroom supervisor and or "the (2) female Twin Rivers Unit law librarians" refused to
16 mail out his outgoing legal mail addressed to "parties" to his legal actions. *Id.* The Court
17 notes that it appears plaintiff is alleging that staff concluded the mail he claims was
18 directed to "parties" to a lawsuit rather than attorneys was not "legal mail" under
19 Department of Corrections policy and also could not be sent as "general mail" as
20 plaintiff did not have funds available. *See* Dkt. 2 at 19. Plaintiff alleges this violated his
21 right to access to the courts. Dkt. 1-1. Plaintiff alleges defendant Nelson's actions were
22 "implicit[ly] authoriz[ed]" by defendants Herzog, Strange, Mcvay, Gonzalez, Vernell,
23 Fithian, Martin, John Doe, Utecht, Stewart, Schneider, Peterson and Russell. *Id.*

24

25

REPORT AND RECOMMENDATION AND ORDER - 3

Plaintiff alleges on October 1, 2024, defendant Tyler refused to give him his medically prescribed and medically authorized medications. *Id.*

Plaintiff alleges defendants' actions place him in "imminent danger." *Id.* Plaintiff alleges he has suffered "mental, emotional, and psychological damages and injuries." *Id.*

Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing."[1] *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Ruiz v. Woodfill*, No. 2:20CV2078, 2020 WL 7054389, at *2 (E.D. Cal. Dec. 2, 2020), *report and recommendation adopted*, No. 2:20-CV-02078, 2021 WL 148385 (E.D. Cal. Jan. 15, 2021); *Andrews*, 493 F.3d at 1057 n. 11. To meet his burden under § 1915(g), a plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's allegations are conclusory and speculative and therefore do not establish he was in imminent danger of serious physical injury at the time he filed his

---

[1] The Court notes that it has also considered petitioner's other proposed motions and documents (Dkts. 2, 3, 4, 5, 6) in evaluating whether petitioner has plausibly alleged imminent danger of serious physical injury with respect to his claims and none of those documents alter the Court's recommendation that plaintiff has not satisfied the imminent danger requirement.

REPORT AND RECOMMENDATION AND ORDER - 4

complaint. Plaintiff's allegation that certain staff failed to mail out "legal mail" addressed to the "parties" to some unidentified legal action does not set forth a plausible allegation that plaintiff faced imminent danger of serious physical injury at the time he filed his complaint. Likewise, plaintiff's allegation that defendant Tyler refused to give him an unidentified medication one time does not constitute a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his complaint.

Accordingly, the undersigned recommends plaintiff's proposed complaint (Dkts. 1-1, 2) should be dismissed without prejudice under 28 U.S.C. § 1915(g), and the IFP application be denied (Dkt. 1). This case should be closed.

## PLAINTIFF'S OTHER FILINGS/PROPOSED MOTIONS

After filing his application to proceed IFP and his proposed complaint, plaintiff filed several proposed motions and documents. Dkts. 2, 3, 4, 5, 6.

Plaintiff filed "a motion to amend or in the alternative, a motion to supplement" in which he appears to include additional arguments in support of his existing claims. Dkt. 2. That motion (Dkt. 2) is granted to the extent that the Court has considered this document (along with all of the other proposed documents filed) above in evaluating plaintiff's IFP application and proposed complaint and whether petitioner has plausibly alleged imminent danger of serious physical injury with respect to his claims.

Plaintiff has also filed a "motion to the court to request that an investigation be conducted immediately." Dkt. 3. In that motion, plaintiff alleges the law library at MCC-TRU was shut down for the day on October 15, 2024, and that the law librarian has told him that unless four or more inmates show up to use the law library, he is under orders to shut down the entire law library. *Id.* Although these allegations differ from those in

REPORT AND RECOMMENDATION AND ORDER - 5

plaintiff's proposed complaint, the Court has considered this filing above in evaluating plaintiff's IFP application and proposed complaint and whether plaintiff has plausibly alleged imminent danger of serious physical injury with respect to his claims. The Court concludes the documents do not alter the conclusion that plaintiff fails to meet the imminent danger requirement and the recommendation that his IFP application be denied, and the proposed complaint dismissed. Accordingly, the motion for an immediate investigation (Dkt. 3) should be denied.

Plaintiff has also filed a "motion to request to take judicial notice of all proffers and exhibits." Dkt. 4 at 1. Under Federal Rule of Evidence 201, "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, it is unclear what "fact" plaintiff is asking the Court to take judicial notice of. He attaches 101 pages of documents some of which are separate motions some of which appear to pertain to other cases, some of which contain argument. Because the basis for plaintiff's request is unclear, the motion (Dkt. 4 at 1) should be denied. The Court has considered all of plaintiff's filings above in evaluating plaintiff's IFP application and proposed complaint and whether plaintiff has plausibly alleged imminent danger of serious physical injury with respect to his claims.

Plaintiff has also filed another "motion to supplement the pleadings" (Dkt. 4 at 2) but fails to explain what documents he is intending to supplement the pleadings with or connect those documents to his claims. Accordingly, that motion (Dkt. 4 at 2) should be denied. The Court has considered all of plaintiff's filings above in evaluating plaintiff's

1   IFP application and proposed complaint and whether plaintiff has plausibly alleged
2   imminent danger of serious physical injury with respect to his claims.
3         Plaintiff has also filed a "motion for reconsideration or in the alternative a notice
4   of appeal" (Dkt. 4 at 60) related to the "anticipated ruling" of this Court as well as a
5   document entitled "plaintiff's rebuke to the R+R of the R+R of the U.S. Magistrate
6   Judge" (Dkt. 5) and a "motion for discovery" (Dkt. 4 at 12) in response to the anticipated
7   order of dismissal here. As plaintiff filed these motions before the Court's issuance of
8   this report and recommendation or any other order in this case, these motions should
9   be denied without prejudice as premature.
10        Plaintiff has also filed a "motion to turn a 42 U.S.C. 1983 into a 28 U.S.C. 2254
11  writ of habeas corpus to challenge unconstitutional conditions of confinement." Dkt. 4 at
12  5-10. In the motion petitioner lists additional conditions of confinement challenges
13  unrelated to the claims in his complaint. *Id.* But plaintiff's allegations are conclusory. *Id.*
14  Furthermore, "a civil rights action … is the proper method of challenging conditions of
15  confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotation marks
16  and citation omitted). And even if plaintiff could properly raise his conditions of
17  confinement claims in a habeas action, his allegations are so conclusory they would fail
18  to state a claim. Accordingly, plaintiff's motion (Dkt. 4 at 5-10) should be denied.
19        Plaintiff has also filed a proposed "motion to quash, abate, vacate, void, annul, or
20  rescind the major infraction report" (Dkt. 6). In his proposed motion plaintiff presents
21  allegations that on October 15, 2024, some other non-defendant individuals engaged in
22  a "pat search" which he alleges was a "rape/sexual assault with an anal digital rectal

REPORT AND RECOMMENDATION AND ORDER - 7

probe." Dkt. 6. Plaintiff claims he was told the reason for the "anal rectal probe was because [he] was suspected of trying to conceal "jelly packets" in his anal cavity. *Id.*

Plaintiff appears to allege he was falsely infracted related to this incident. Plaintiff alleges corrections officers filed a false infraction report: plaintiff tried to take extra peanut butter and jelly packets from the dining area in his pockets; when plaintiff was stopped he tried to walk away, called staff "racist" for "stopping a black man"; when plaintiff was pat searched he "dove" to the ground; that plaintiff subsequently falsely accused the corrections officer of assaulting him. *Id.* Plaintiff's motion does not seek to amend his complaint and, even if it did, his allegations in no way plausibly relate to his claims in this complaint. Plaintiff may not join unrelated claims against different defendants in a single action. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff fails to allege imminent danger related to the claims in his complaint that is properly before the Court. Finally, the Court has no basis to "quash, abate, vacate, void, annul, or rescind the major infraction report", not to mention one that is completely unrelated to the claims here -- accordingly, plaintiff's motion (Dkt. 6) should be denied.

Plaintiff has also filed documents with the docket numbers of different cases that appear to address issues in those cases. Dkt. 4 at 14-57, 63-101. It is unclear whether plaintiff intended to file those documents in his other cases or as some sort of support for his claims in the instant case. In either case, his filings do not alter the Court's recommendation that plaintiff fails to meet the imminent danger requirement in this case and that therefore he may not proceed with this action.

**CONCLUSION**

REPORT AND RECOMMENDATION AND ORDER - 8

For all these reasons, the undersigned recommends plaintiff's proposed complaint (Dkt. 1-1, 2) should be dismissed without prejudice, the IFP application should be denied (Dkt. 1), and this case should be closed.

Additionally, for all these reasons: (1) plaintiff's proposed "motion to amend or in the alternative, a motion to supplement" (Dkt. 2) is granted; (2) plaintiff's proposed "motion to supplement the pleadings" (Dkt. 4 at 2) should be denied; (3) plaintiff's proposed "motion to request to take judicial notice of all proffers and exhibits" (Dkt. 4 at 1) should be denied; (4) plaintiff's proposed "motion to the court to request that an investigation be conducted immediately" (Dkt. 3) should be denied; (5) plaintiff's proposed "motion to turn a 42 U.S.C. 1983 into a 28 U.S.C. 2254 writ of habeas corpus to challenge unconstitutional conditions of confinement" (Dkt. 4 at 5-10) should be denied; (6) plaintiff's proposed "motion to quash, abate, vacate, void, annul, or rescind the major infraction report" (Dkt. 6) should be denied; (7) plaintiff's proposed "motion for reconsideration or in the alternative a notice of appeal" (Dkt. 4 at 60) related to the "anticipated ruling", plaintiff's proposed "rebuke to the R+R of the R+R of the U.S. Magistrate Judge" (Dkt. 5), and plaintiff's proposed "motion for discovery" (Dkt. 4 at 12) in response to the anticipated order of dismissal should be denied without prejudice as premature.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

REPORT AND RECOMMENDATION AND ORDER - 9

U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **November 20, 2024**, as noted in the caption.

Dated this 5th day of November, 2024.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION AND ORDER - 10